UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
KEITH HAYWOOD

     *Plaintiff,*

-against-

CITY OF NEW YORK,
in its official capacity, and
BOB BARKER CO.,

     *Defendants.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2017

16 Civ. 5191 (PAC) (KNF)

**OPINION & ORDER
ADOPTING REPORT AND
RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

 *Pro Se* Plaintiff Haywood ("Haywood") brings this action under 42 U.S.C. § 1983 ("§ 1983") and New York State law against (1) the City of New York ("City") and (2) Bob Barker Company ("Bob Barker") that manufactures shoes used at the Robert N. Davoreen Complex on Riker's island. Haywood alleges that, despite his pre-existing foot condition, the City required him to turn in his orthopedic shoes and use Bob Barker's regular, non-orthopedic shoes, which violated his Fourteenth Amendment rights. Compl. ¶¶24-27. Haywood also contends that Bob Barker's shoes were defective and that Bob Barker should have warned of the danger in using them. *Id.* ¶¶28-34.

 This is not the first time that Haywood brings claims against the City of New York and Bob Barker for the required use of allegedly defective shoes in the City's correctional facilities. *See* Compl. ¶¶ 33-37, 55-63, *Haywood v. City of N.Y., Bob Barker Co. et. al.,* (12-cv-6566) ("2012 Action"), Dkt. No. 2. Haywood settled the 2012 Action for $2,000, and agreed to release

1

the City and Bob Barker of any claims that Haywood "raised or could have raised in the Complaint in this action." Stipulation and Order of Settlement and Dismissal ¶¶ 3-4, *Haywood v. City of N.Y., Bob Barker Co. et. al.,* (12-cv-6566), Dkt. No. 86.

On August 5, 2016, the Court referred the instant action to Magistrate Judge Kevin N. Fox. Dkt. 9. On November 7, 2016, the City moved for dismissal contending that (1) Haywood failed to state a cognizable constitutional claim; (2) Haywood failed to allege a claim against the City because there are insufficient allegations of the existence of an unconstitutional municipal policy or custom; and (3) Haywood failed to exhaust available administrative remedies prior to bringing this action pursuant to the Prison Litigation Reform Act. Dkt. 21, 22. On May 31, 2017, Bob Barker also moved for dismissal contending that (1) the release signed by Haywood to settle the 2012 Action discharged Bob Barker from any liability for the asserted claim; and (2) Haywood failed to state a claim for which relief can be granted. Dkt. 44, 46.

On August 3, 2017, Judge Fox issued a 16-page Report and Recommendation ("R&R"), recommending that both motions be granted. Dkt. 51. Specifically, Judge Fox recommended dismissal of the claim against the City, finding that Haywood failed to plausibly allege facts sufficient to suggest that Haywood suffered a constitutional injury, *id.* at 9-11, and that Haywood failed to plausibly allege a municipal liability claim under § 1983, *id.* at 11-13. Judge Fox also recommended dismissal of the claim against Bob Barker, finding that the release signed by Haywood unambiguously barred the asserted claim. *See id.* at 13-15.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Judge Fox directed the parties to file any written objections within fourteen days and noted that, otherwise, the parties will be precluded from seeking appellate review. *Id.* at 15-16. Neither parties filed objections.

2

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the fact of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985)). Here, the Court finds no clear error in the R&R and adopts it in full.

Accordingly, the City's and Bob Barker's motions to dismiss the complaint are GRANTED.

The Clerk of Court is directed to close the motions pending at Docket Entry Nos. 21 and 44, and close this case.

Dated: New York, New York
September 12, 2017

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge